UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEXTER GATBONTON,<br>                Petitioner,<br>    v.<br>JANET NAPOLITANO, et al.,<br>                Respondent. | Case No. 2:12-cv-01858-MMD-PAL<br><br>ORDER |

This represented immigration habeas matter under 28 U.S.C. § 2241 comes before the Court for initial review under 28 U.S.C. § 2243.

In Case No. 2:12-cv-01439-JCM-CWH, the Court dismissed a petition without prejudice that presented a virtual photocopy of the papers filed in the current action. While the papers contained a number of deficiencies, the Court dismissed the prior action after petitioner failed to amend the petition to name his immediate custodian as a respondent after being given an opportunity to do so.

The papers currently on file are virtually a photocopy of the prior papers, right down to the continuing improper designation of the Court as the "Southern District of Nevada," a court which does not exist. The only difference in the two cases is that the supplemental brief is docketed as the petition in this case and the petition as the supplement, whereas the reverse was true in the prior action.

Most significantly, however, the present petition does not name petitioner's immediate custodian as a respondent. Petitioner's counsel might consider whether it is

beneficial to his client's interests to file the same defective papers in a second action and expect a different result.  It is a waste of time for all concerned, including this Court.

This action therefore will be dismissed without prejudice.  The Court does so given that: (a) petitioner failed to amend the prior petition after being given an opportunity to do so and instead sought to avoid the Court's order in the prior case by filing the same defective papers again in this action; and (b) a new and properly commenced action will not be subject to a time-bar or other preclusion given the nature of the underlying claims challenging petitioner's continued immigration detention.  Counsel should assume that similar efforts to circumvent the Court's ruling in the prior case by filing the same papers in a new action will lead to the same outcome.

IT IS THEREFORE ORDERED that this action shall be DISMISSED without prejudice.

The Clerk of Court shall enter final judgment accordingly.

DATED THIS 5th day of November 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE